Filed 3/12/13  Gardner v. Leahy CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TRACIE E. GARDNER, | B233504 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PS013118) |
| v. | |
| ROBERT LEAHY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed.

Robert Leahy, in pro. per., for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Appellant Robert Leahy challenges the trial court's issuance of a restraining order against him. He contends there was insufficient evidence before the court to support the order. Appellant argues the court erred in allowing hearsay evidence and the remaining evidence failed to meet the standard required by Code of Civil Procedure section 527.6.[1]

We conclude there is substantial evidence to support issuance of the restraining order. The court's order is affirmed.

## FACTUAL AND PROCEDURAL SUMMARY

Respondent Tracie E. Gardner was a lecturer at California State University, Northridge (the university). Appellant was a student in one of respondent's classes. Appellant missed an exam required for the class and approached respondent five days later, asking to make up the exam. Respondent denied his request, citing the policy laid out in the course syllabus. Appellant contacted respondent a week later, asking her to reconsider her decision. She again declined. Later that day, a group appellant had agreed to work with on a class project petitioned respondent to have him excluded from the group because he had not been participating or doing the required work. Respondent offered appellant an alternate assignment to the group project so that he would still be able to pass the course. He refused the assignment several times.

The following week appellant approached respondent and asked her to reconsider her decisions regarding the exam and the class project. Respondent informed him that her decisions were final and that she was not going to reconsider. After the next class ended, appellant followed respondent to discuss the matter further. Respondent advised him of the proper procedure for disputing an instructor's decision. She stated that she no longer wanted to talk with him and asked him to leave her alone. He continued to follow her and demanded that she talk with him. During this period, appellant repeatedly e-mailed respondent concerning the matter.

Appellant next approached respondent at the beginning of class while she stood at the front of the room. From a distance of 18 inches, appellant told her that he was going

---

[1] All further statutory citations are to the Code of Civil Procedure.

to stand there until she talked with him. Respondent repeatedly asked him to be seated because she needed to begin the class, but he refused and remained standing in front of her. Respondent then told him that he needed to leave the room, eventually threatening to call campus police. He continued to stand in front of her, and she called campus police. Appellant then stood blocking a group of students from giving their presentation and repeated his intention not to leave. He began to engage the other students, and they asked him to leave.

Campus police officers arrived at the classroom door and told appellant to leave the room. He told them that if they wanted to talk they had to come to him. Officers approached appellant and repeatedly asked him to leave the room. He refused. The officers threatened to physically remove appellant and place him under arrest. Appellant told them not to touch him and demanded that respondent talk with him. Appellant refused to cooperate when placed under arrest, and the officers forced him out of the room.

Respondent then requested a meeting with the university administration. She felt concerned for her safety, and they agreed she should work from home for the remainder of the week. The dean of students met with appellant the day after the arrest to discuss the incident. The dean requested that appellant not return to respondent's class; appellant agreed to think about it and notify all parties of his decision. Respondent was told of this discussion and agreed to drop the matter if appellant agreed to stay away from her classroom. Appellant wrote an e-mail to respondent and the dean. In it, he said that respondent could not keep him from coming to her classroom, and stated his intention to return there. Respondent petitioned the court for a restraining order. The university disciplined appellant for his misconduct.

Although a threat assessment conducted by campus police indicated there was no serious risk appellant would attack anyone, the administration asked campus police to stand outside of respondent's classroom and to escort her on campus for the rest of the semester. There was no process for the school to prevent appellant from registering for future classes with respondent. Respondent asked appellant if he would simply agree to a

3

stay-away order, but he refused. He also refused to engage in mediation. Respondent suffered from anxiety and had difficulty sleeping following these exchanges.

At the hearing conducted pursuant to section 527.6, the trial court heard testimony from respondent, the school's dean of students, a campus police officer, and appellant. A number of exhibits also were presented, including affidavits and e-mails between the parties and from other students in respondent's class. The trial court concluded that although appellant was able to show he neither committed nor threatened violence, he did engage in unlawful harassment of respondent. The court found that regardless of whether respondent followed exact school protocol regarding the assignments, she clearly stated her desire for appellant to leave her alone and to bring his issues directly to the university administration, which should have ended the matter. Even after the university's administration got involved and he was afforded opportunities to resolve the matter, appellant refused to agree to stay away from respondent. The court found by clear and convincing evidence that appellant unlawfully harassed respondent, supporting the issuance of a restraining order under section 527.6. This appeal followed.

## DISCUSSION

Appellant contends there was insufficient evidence to meet the standard for unlawful harassment as set out in section 527.6. He argues the trial court erred in overruling his objections to hearsay evidence provided by respondent at the hearing, further undermining the court's ultimate ruling. Appellant also contends there was no risk of future harassment and that his conduct was directed toward legitimate purposes. Therefore, he argues, injunctive relief was unwarranted.

Section 527.6, subdivision (a), provides that a person who has suffered harassment may seek a temporary restraining order and an injunction prohibiting further harassment. Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) It is the third, "course of conduct," category that we deal with in this case because the trial court found appellant neither committed nor threatened violence. A course of conduct

4

can involve following or stalking an individual or engaging in harassing communication through any means. (§ 527.6, subd. (b)(1), (3).) The harassment must rise to a level that would cause a reasonable person to suffer substantial emotional distress and actually results in such distress to the victim. (*Ibid.*)

"The appropriate test on appeal is whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record." (*R.D v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

The trial court heard testimony directly from respondent that appellant sent repeated e-mails, approached her numerous times, and followed her from class. This conduct occurred despite respondent's continuous objections and requests to be left alone by appellant. The court also heard how appellant obstructed respondent and his classmates from carrying on class and demanded to speak with her, ultimately resulting in his arrest. Even after he was disciplined by the university and advised to stay away from respondent, appellant persisted with his intention to come to her class. He was again given opportunities to avoid the issuance of this restraining order by simply agreeing to stay away from respondent, but he failed to take advantage of them. As a result, respondent feared for her safety. She experienced anxiety and had difficulty sleeping. She requested to have police stationed outside of her classroom and to be escorted around the campus, indicating the level of distress appellant's behavior caused her. We find sufficient evidence in the record to support the trial court's conclusion that appellant engaged in unlawful harassment and that he needed to be restrained from harassing respondent in the future pursuant to section 527.6. Although he argues his pursuits were legitimate, there is substantial support for the conclusion that his conduct crossed the line from pursuing legitimate educational goals to unlawful harassment.

Appellant argues the trial court erred in overruling his objections to hearsay evidence submitted by respondent. He contends without the hearsay evidence, there was not support for the court's order. We disagree.

Section 527.6 explicitly requires the court to receive any testimony that is relevant, even authorizing an independent inquiry. Hearsay is admissible at a hearing conducted

pursuant to this section.  (See *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 728-729.)
Substantial evidence, outside of that objected to as hearsay, supported the court's
conclusion.  The direct testimony of respondent, campus police, and the university's dean
of students, detailing firsthand appellant's conduct, was sufficient to meet respondent's
burden in seeking injunctive relief.

## DISPOSITION

The order is affirmed.  Appellant to bear his own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

SUZUKAWA, J.

6